**UNITED STATES of America,**
**Appellee,**

v.

**Mitchell ROSS, Appellant.**

**No. 8942.**

United States Court of Appeals
Fourth Circuit.

Argued June 13, 1963.

Decided Sept. 13, 1963.

---

William C. Erbecker, Indianapolis, Ind., pro hac vice, for appellant.

Lawrence C. Musgrove, Asst. U. S. Atty., for appellee.

Before HAYNSWORTH and BORE-MAN, Circuit Judges, and WINTER, District Judge.

HAYNSWORTH, Circuit Judge.

Convicted of violation of the Mann Act[1] the defendant has appealed, questioning the sufficiency of the evidence to sustain the conviction and the refusal of the Court to grant certain requested instructions. We find no error.

On three occasions the defendant, with the victim, checked into a hotel in Roanoke, Virginia, registering as man and wife. Interstate transportation of the woman is admitted. A bellboy, the principal prosecution witness, testified to facts which, if true, clearly show that the victim engaged in prostitution in Roanoke, and that the defendant assisted in the procurement of patronage for her and in the disbursement to the bellboy of his portion of her charges. His testimony, to some extent, was corroborated by that of a night watchman who saw the victim, at late hours in the night, leaving rooms other than the one assigned to her and the defendant.

Before the indictment the bellboy, the principal prosecution witness, appeared before the grand jury on three separate occasions. The testimony taken by the grand jury was not introduced at the trial,[2] but there was testimony that the bellboy, when he first appeared before the grand jury, denied that he knew of facts indicating the victim's prostitution. He testified at the trial that his testimony before the grand jury, when he first appeared before it, was untrue. He said that he had been told by the defendant not to reveal the facts, and he feared retaliatory measures the defendant might take if he told the truth to the grand jury.[3]

■ Because the bellboy admitted that he lied to the grand jury when he first appeared before it although he undertook to explain why he did so, the defendant would have us disregard completely his trial testimony. That, we cannot do. His admission of his earlier inconsistent testimony and his explanation of it created issues of credibility which were properly submitted to the jury. When the Court clearly instructed the jury that, in considering the credibility of a witness, they might take into account his earlier inconsistent statements, it was not essential that the Court also instruct the jury further as to the weight to be given the testimony of a perjurer.

■ The jury was entitled to accept as true the trial testimony of the bellboy. If it believed it, as it must have, for the parties went to the jury on the basis that,

---

1. 18 U.S.C.A. § 2421.

2. The District Attorney offered to agree that all of the grand jury testimony be admitted, but he objected to the defense effort to secure only a portion of it. The Court indicated its willingness to admit all of the grand jury testimony, but the defendant found that unacceptable.

3. Indeed, as the defendant, himself, brought out at the trial, the grand jury also indicted the defendant for attempting to tamper with and unlawfully influence grand jury witnesses.

there should be no conviction unless there had been prostitution of the victim,[4] the evidence clearly supported the ultimate finding that the interstate transportation had been done with the intention of prostituting the defendant's female companion.

Affirmed.

4. The Court's instructions approved the basis of the attorney's submission of the case. As submitted, the principal issue before the jury was the prostitution *vel non* of the victim. In this Court, the Government sought to dismiss the appeal upon the ground that it conclusively appears that the purpose of the interstate transportation was the engagement by defendant and victim in illicit sexual relations. It advances the unquestioned principle that it was not incumbent upon it to prove that the purpose encompassed hiring of the female for the sexual gratification of others than the defendant.

Since we have found that the evidence warranted a finding of prostitution of the female, we do not consider whether, in the light of the Government's trial concession and the basis of the submission of the case to the jury, the conviction might stand in the absence of such evidence.