UNITED STATES of America

v.

**Manuel DE JESUS MORAN–ROJO and Antonio Rivas**

No. 79 CR 447.

United States District Court,
N. D. Illinois, E. D.

Oct. 25, 1979.

Daniel W. Gillogly, Asst. U. S. Atty., Chicago, Ill., for the Government.

Nathan Bogolub and M. Robert Bogart, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Defendants have moved to dismiss the charges against them because they were indicted 32 days after arrest, in violation of the 30-day time limit imposed by the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.* The question before the court is

whether the dismissal sanction provided in this statute, § 3162(a), applies to these defendants.

To allow the courts time to adapt to the Speedy Trial Act time limits, Congress provided that the dismissal sanction would not become effective until July 1, 1979. 18 U.S.C. § 1363(c). Finding the courts still not completely prepared to fully implement the Act, primarily because it has taken some time for new judges to be appointed and confirmed, Congress this year decided to suspend the operation of the dismissal sanction for one more year. The sanction was to be suspended immediately upon the signing of the Speedy Trial Act amendments by the President. *See* H.R.Rep. No. 96–390 (July 26, 1979), [1979] U.S.Code Cong. & Admin. News pp. 1758, 1759. These amendments, containing a provision making § 3162 effective for all cases commenced on or after July 1, 1980, were signed into law on August 2, 1979.

Defendants in this case were arrested on July 28, 1979, at which time the dismissal sanction under the unamended statute had already taken effect. The questions, then, are whether Congress, in amending the Act, intended suspension of the dismissal sanction to apply to pending cases, and if it did so intend, whether it had the power to lift that sanction. The House Report cited above makes clear that it was the committee's intent that the sanction be *immediately* suspended upon the signing of the 1979 amendments. It therefore seems likely that Congress intended to remove the sanction for pending cases. There is no evidence of any contrary intent to mandate dismissal for those defendants charged between July 1 and August 2 but not for those charged thereafter. Even in the absence of clear Congressional intent that the statutory change apply to pending cases, the court's conclusion is supported by the principle of statutory construction that:

> "Where a new statute deals only with procedure, prima facie it applies to all actions—to those which have accrued or are pending, and to future actions . . . Absent a clearly expressed legislative

purpose to the contrary, pending cases are only affected as to future proceedings from the point reached when the new law becomes operative."

2 Sutherland, Statutes and Statutory Construction § 41.04 (Sands ed. 1973). *See Turner v. United States*, 410 F.2d 837 (5th Cir. 1969). Whether dismissal should be ordered for the government's failure to bring an indictment within the required time period is a procedural question, and unless a change in that procedure adversely affects a defendant's constitutional rights, it can be applied to pending cases.

The violation of the Speedy Trial Act by the government in this case took place after August 2, when the 1979 amendments had already gone into effect. The court finds it sufficiently clear that Congress intended that dismissal is no longer mandated in this situation.

Although defendants, at the time of their arrest, might have had a justifiable expectation that they would be indicted within 30 days or the charges against them dropped, it cannot be said that their interest in having the charges dismissed is one that deserves protection against subsequent statutory changes. *See Donald v. Jones*, 445 F.2d 601, 605 (5th Cir. 1971) (application of procedural changes to defendant's case did not violate constitutional provision against ex post facto laws). Any expectation at the time of arrest that the charges would be dismissed would have been a very tenuous one, dependent on the government's future delay. That expectation could have been defeated by an indictment being returned two days earlier than it was.

The dismissal sanction, while in part intended to protect individual criminal defendants' Sixth Amendment rights, is also intended as an enforcement device for the statutory time limits. The sanction is a cost imposed on the government to encourage it to obey the law. The very fact that dismissal is labeled a sanction, and not a Sixth Amendment remedy, supports this construction. Removal of the sanction in this case has not defeated defendants' right to a speedy trial.

The court concludes that the defendants have no statutory or constitutional rights to dismissal of the charges against them. Their pre-trial motion is denied.