**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Patrick T. VANELLA, Defendant-Appellant.**

No. 79–5527
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 16, 1980.

Rehearing Denied Aug. 6, 1980.

Roger F. Borrello, Plantation, Fla., for defendant-appellant.

Daniel H. Forman, Asst. U. S. Atty., Jack Eskenais, U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, TJOFLAT, and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

On March 27, 1979, the United States Attorney for the Middle District of Florida filed an information charging defendant Patrick T. Vanella with two counts of failure to file federal income tax returns in violation of 26 U.S.C. § 7203. At his arraignment on April 9, Vanella's trial was set for June 26, 1979. On April 19, however, Vanella moved under 18 U.S.C. § 3237(b) to be tried in the district of his

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

residence, the Southern District of Florida. Although the United States Magistrate ordered the case transferred the same day, the case was not filed in the Southern District until April 30. On June 7, 1979, Judge Gonzalez of the Southern District recused himself from further participation in the matter and, on June 11, the case was reassigned to Judge Lawrence King. Notice sent by the clerk of court on June 26 informed Vanella that he would be tried on July 16.

Because of delay in receiving his trial, Vanella on July 13 filed a motion to dismiss the prosecution for failure to comply with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* The court denied the motion, however, and trial began on July 16. The next day Vanella's jury found him guilty on both counts as charged. On September 12, Judge King sentenced Vanella for each count to four months' incarceration and a fine of $10,000, the sentences to run concurrently. Vanella appeals.

Vanella's trial followed by ninety-seven days his arraignment in the Middle District of Florida; transfer of the case to the Southern District of Florida preceded trial by eighty-eight days. The Speedy Trial Act requires that Vanella's trial occur within eighty days of arraignment. See 18 U.S.C. § 3161(g). Moreover, effective July 1, 1979, 18 U.S.C. § 3163(c), the Act required, upon motion of the defendant, the dismissal of the prosecution where the applicable time limits of the statute have not been met. 18 U.S.C. § 3162(a)(2). Before the effective date of the dismissal sanction, however, Congress began reconsideration whether the federal courts were yet prepared for simultaneous imposition of the dismissal sanction and the permanent time limitations under the Speedy Trial Act. Concluding that the federal courts were not so prepared, the Senate, on June 19, 1979, and July 31, 1979, and the House, on July 31, 1979, passed legislation that would suspend the operation of the dismissal sanction. See [1979] U.S.Code Cong. & Admin.News, at 805. On August 2, the Speedy Trial Act Amendments of 1979, Pub.L. No. 96–43, 93 Stat. 327, 332, became law. The legislation suspends until July 1, 1980, the effectiveness of the dismissal sanction of 18 U.S.C. § 3162(a)(2). 93 Stat. 327, 328–29. The legislative history demonstrates that Congress determined that:

> some temporary suspension of the dismissal sanction is justified. In retrospect, once the decision was made to have a phase-in period prior to imposition of the dismissal sanction, it appears that the wiser approach would have been to provide some time during which the permanent time limits would be in effect without the dismissal sanction. The suspension will provide that result.

H.R.Rep. No. 390, 96th Cong. 1st Sess. 8, *reprinted in* [1979] U.S.Code Cong. & Admin.News, pp. 805, 812.[1]

■ Vanella contends that the 1979 amendments are prospectively applicable only and that, because he went to trial in July, 1979, the district court committed reversible error in denying the motion to dismissal under 18 U.S.C. § 3162(a)(2). We disagree.

■ It is true that " 'the first rule of construction is that legislation must be considered as addressed to the future, not to the past . . . [and] a retrospective operation will not be given to a statute which interferes with antecedent rights' " absent the clearly expressed intention of Congress. *Greene v. United States*, 376 U.S. 149, 160, 84 S.Ct. 615, 621, 11 L.Ed.2d 576 (1964) [quoting *Union Pac. R. Co. v. Laramie Stock Yards Co.*, 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179 (1939)]. Nevertheless, as this Court held in considering a change in the draft laws:

> Granting [the application of the "first rule of construction,"] that canon of con-

1. In the section-by-section analysis of the amendments, the House report stated that the legislation would "*defer* the dismissal sanction . . . until July 1, 1980, and . . . specify that . . . the dismissal sanction shall, beginning July 1, 1980, apply only to cases commenced . . . on or after that date." *Id.* at 12, [1979] U.S.Code Cong. & Admin.News at p. 816 (emphasis added).

struction must yield to the rule here controlling that changes in statute law relating only to procedure or remedy are usually held immediately applicable to pending cases, including those on appeal from a lower court. This last mentioned rule of statutory construction defers only to a contrary [Congressional intent]. *Turner v. United States*, 410 F.2d 837, 842 (5th Cir. 1969). The rule followed in *Turner* is well established—statutory changes that are procedural or remedial in nature apply retroactively. *See e. g., Hallowell v. Commons*, 239 U.S. 506, 508, 36 S.Ct. 202, 203, 60 L.Ed. 409 (1916); *Bush v. State Indus., Inc.*, 599 F.2d 780, 786 n. 9 (6th Cir. 1979); *Mahroom v. Hook*, 563 F.2d 1369, 1373 (9th Cir. 1977), *cert. denied*, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978); *United States v. Blue Sea Line*, 553 F.2d 445, 448 (5th Cir. 1977); *United States v. Mechem*, 509 F.2d 1193, 1196 (10th Cir. 1975); *Womack v. Lynn*, 504 F.2d 267, 269 (D.C. Cir. 1974); *Koger v. Ball*, 497 F.2d 702, 706 (4th Cir. 1974); 2 Sutherland, Statutes & Statutory Construction § 41.04 (Sands rev. 1973), *quoted in United States v. De Jesus Moran-Rojo*, 478 F.Supp. 512, 513 (N.D.Ill.1979). That rule applies here.

In *United States v. De Jesus Moran-Rojo*, *supra*, the United States District Court for the Northern District of Illinois held the 1979 amendment to the Speedy Trial Act suspending imposition of the dismissal penalty to be procedural and, accordingly, applicable to pending cases. 478 F.Supp. at 513. We concur. The purpose of the 1974 Speedy Trial Act, as stated in its legislative history, is "to assist in reducing crime and the danger of recidivism by requiring speedy trials . . . ." H.R.Rep. No. 1508, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 7401, 7402. As an aid in the achievement of its purpose, the Speedy Trial Act provides for the *"sanction"* of dismissal for failure to comply with the time limits set by the statute. *See id.* at pp. 7403, 7416 (emphasis added). We hold, as did the court in *De Jesus Moran-Rojo, supra,* that the amendment to the Speedy Trial Act deferring the dismissal sanction is a procedural change entitled to

be given effect in pending cases. The legislative history of the 1979 amendments gives no indication of Congressional intent to the contrary. Congress determined that the federal judiciary was unprepared for application of both the dismissal sanction and the final Speedy Trial Act time limitations and accordingly acted to suspend, for one year only, the effective date of the dismissal sanction. Vanella is not entitled to dismissal of the prosecution under the Speedy Trial Act.

Absent a statutory right to dismissal of the prosecution, Vanella's contentions must be examined to determine whether dismissal is constitutionally mandated. In considering whether Vanella's Sixth Amendment right to speedy trial was abridged, the Court must scrutinize the length of delay, the reason for delay, the defendant's assertion of his right to speedy trial, and the prejudice that may have resulted. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1970). If the *Barker* test is not met, dismissal is not required. *United States v. Elorduy*, 612 F.2d 986, 988 (5th Cir. 1980); *see United States v. Novelli*, 544 F.2d 800, 803 (5th Cir. 1977).

The *Barker* test has not been satisfied here. The relatively brief delay of less than one hundred days certainly does not rise to the level of presumptive prejudice. *See United States v. Metz*, 608 F.2d 147, 152 (5th Cir. 1979); *United States v. Rankin*, 572 F.2d 503, 505 (5th Cir.), *cert. denied*, 439 U.S. 979, 99 S.Ct. 564, 58 L.Ed.2d 650 (1978). Moreover, defendant points to no specific prejudice he suffered as a result of the delay. Without such a showing, Vanella has not demonstrated any constitutional violation necessitating reversal. *United States v. Metz, supra,* 608 F.2d at 152; *United States v. Noll*, 600 F.2d 1123, 1127–28 (5th Cir. 1979).

AFFIRMED.