UNITED STATES of America, Plaintiff,

v.

**Juvenal ALCANTAR-LOPEZ, Defendant.**

No. 76 CR 57.

United States District Court, N.D. Illinois, E.D.

May 27, 1988.

Anton R. Valukas, U.S. Atty. by Steven A. Miller, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Standish E. Willis, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This order concerns defendant's motion to dismiss for violation of § 3161 of the Speedy Trial Act and the speedy trial provision of the Sixth Amendment. For the reasons stated herein, defendant's motion

is granted, and the indictment is dismissed with prejudice.

## I. FACTS

On December 16, 1975, defendant Juvenal Alcantar–Lopez ("Alcantar") was arrested and charged with distributing heroin. Sometime after his arrest, authorities apparently learned that Alcantar, a Mexican national, was an illegal alien and released him to the custody of the Immigration and Naturalization Service ("INS"). On January 7, 1976, INS deported Alcantar to Mexico with instructions he was not to re-enter the United States for at least five years. On January 15, 1976, Alcantar was indicted by a federal grand jury in Chicago for conspiracy and possession with intent to distribute heroin. Because of Alcantar's deportation, Alcantar's case was placed on the fugitive calendar.

In March 1981, Alcantar returned to the United States. He secured employment as a construction worker in the San Francisco, California area where he resided until his arrest in connection with this case. On November 13, 1987, during a return trip from Mexico to the United States, Alcantar was stopped by Customs officials and arrested as a result of the 1976 indictment. Prior to that time, Alcantar was unaware that any criminal charges had been lodged against him.

## II. DISCUSSION

### A. *The Speedy Trial Act*

Alcantar's first argument for dismissal is premised on § 3161(c) and § 3162(a)(2) of the Speedy Trial Act of 1974 ("Act"). 18 U.S.C. § 3161 *et seq.* Section 3161(c) provides that once a defendant is indicted and enters a plea of not guilty, he is entitled to a trial within seventy days from either the filing of the indictment or the date of the defendant's first appearance before a judicial officer, whichever occurs last. § 18 U.S.C. § 3161(c)(1). Subject to certain permissible periods of delay outlined in § 3161(g), failure to afford a defendant a trial in the calculable seventy-day period is grounds for dismissing the indictment under § 3162(a)(2). However, according to § 3163, the provisions of § 3161(c) are applicable only to indictments filed on or after July 1, 1976, and the sanction provisions in § 3162 are applicable only to indictments filed after July 1, 1980. Here, the indictment was filed prior to the effective date of both provisions of the Act. Thus, the time periods outlined in § 3161(c) and the sanctions contained in § 3162 do not apply to the facts in this case. *See United States v. Watson,* 623 F.2d 1198, 1202 (7th Cir.1980); *United States v. Grismore,* 564 F.2d 929, 932 (10th Cir.1977).

### B. *Sixth Amendment*

In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court outlined a four-factor balancing test for ascertaining whether a period of delay violates a defendant's Sixth Amendment right to a speedy trial. These factors include length of delay, reason for delay, defendant's assertion of right to a speedy trial, and prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192. According to the Court, until the period of delay becomes presumptively prejudicial, inquiry into the remaining balancing factors is not required. *Id.* In the present case, the twelve-year post-indictment delay clearly triggers an analysis of the remaining considerations. Although the length of delay is a factor to be considered by the court, the amount of weight accorded to this factor will depend in part on the reason for the delay.

Under the Sixth Amendment, the government has a "constitutional duty to make a diligent good faith effort to locate and apprehend a defendant and bring that defendant to trial." *Smith v. Hooey,* 393 U.S. 374, 383, 89 S.Ct. 575, 579, 21 L.Ed.2d 607 (1969); *United States v. Deleon,* 710 F.2d 1218, 1221 (7th Cir.1983). The government concedes, however, that it failed to properly execute this duty. Due to administrative oversight, Alcantar was deported eight days before he was indicted. Although Alcantar had relatives in Chicago, the government made no attempt to contact them or anyone else to learn of Alcantar's whereabouts. Simply stated, the reason for the delay in this case is neglect.

Although *Barker* classifies neglect as a more neutral consideration in assigning weight under the balancing test, the twelve years of neglect in the present case nonetheless tip the balance toward granting Alcantar's motion to dismiss. Analyzing the length of delay in light of the apparent reason for the delay, little doubt exists that the first two factors outlined in the *Barker* test weigh heavily in favor of Alcantar's motion. With regard to the third factor, assertion of the right, both sides appear to agree that no weight should be accorded to this consideration. Here, Alcantar's assertion of his right to a speedy trial came only after he was arrested in November 1987 and learned of the present indictment. In similar circumstances, courts have refused to assign any weight to this factor. *See, e.g., Deleon,* 710 F.2d at 1222; *United States v. Agreda,* 612 F.Supp. 153, 159 (E.D.N.Y.1985). As such, this court turns to the final consideration of prejudice.

In *Barker* the Supreme Court identifies three types of prejudice resulting from delay. First, defendants may endure incarceration during the delay. *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193. Second, defendants may suffer anxiety from knowing they stand accused. *Id.* Third, delay may impair a defendant's ability to defend himself. *Id.* Of the three types of prejudice, the court noted the last was the most serious, "because the inability of a defendant to adequately prepare his case skews the fairness of the entire system." *Id.*

In the present case, the first two types of prejudice do not exist as Alcantar was not imprisoned during the delay and was unaware of the charges pending against him. With regard to the third, Alcantar asserts the twelve-year delay has seriously prejudiced his defense due to the loss of critical defense witnesses and the effect the long delay has had on his ability to accurately recall events preceding his 1975 arrest. Regarding the lost witnesses, Alcantar specifies at least five individuals who could have offered detailed exculpatory testimony on his behalf. Of the five, Alcantar is unaware of the whereabouts of three and states the other two reside outside the United States. Apparently, the latter two witnesses were present at the time of Alcantar's arrest and would have provided testimony disassociating Alcantar from the drug transaction allegedly taking place in his proximity. The government does not contend that these witnesses were not present at the time in question and does not assert that they could be compelled by subpoena to appear as witnesses on Alcantar's behalf. Although Alcantar does not present evidence of overwhelming prejudice, the loss of important defense witnesses weighs against the Sixth Amendment speedy trial guarantee.

Considering the nature and length of delay together with the prejudice resulting from the delay, this court is compelled to grant Alcantar's motion to dismiss the indictment. While none of the three relevant factors standing alone is sufficient to compel the conclusion that Alcantar's Sixth Amendment rights were violated, the combination of over twelve years of post-indictment delay stemming exclusively from governmental neglect and the prejudice resulting from the loss of critical defense witnesses mandates a different result. Thus, this court concludes that under the *Barker* balancing test, Alcantar was deprived of his Sixth Amendment right to a speedy trial and orders that the indictment be dismissed with prejudice.

### III. CONCLUSION

Defendant's motion to dismiss the indictment with prejudice is granted.

IT IS SO ORDERED.