Cedric Roshawn **HARMON,**
Petitioner–Appellee,

v.

Charles D. **MARSHALL,** Warden of Pelican Bay State Prison; Daniel E. Lungren, Attorney General of the State of California, Respondents–Appellants.

No. 94–55733.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 1995.

Decided June 9, 1995.

Janet E. Burns, Deputy Atty. Gen., Los Angeles, CA, for respondents-appellants.

Andrew E. Rubin, Santa Monica, CA, for petitioner-appellee.

Before: BROWNING, D.W. NELSON and HAWKINS, Circuit Judges.

PER CURIAM:

Charles D. Marshall, Warden of Pelican Bay State Prison, appeals the district court's grant of Cedric Roshwan Harmon's habeas corpus petition. Harmon challenges two of the twelve counts of which he was convicted because no instruction was given to the jury defining the elements of the offense constituting those two counts. Marshall concedes that the failure to instruct amounts to constitutional error, but contends that the error was harmless. The district court held that the failure to instruct on any of the elements of an offense cannot be analyzed by harmless error principles and requires automatic reversal. We affirm.

I.

■ We review de novo the district court's grant of a petition for habeas corpus. *Adams v. Peterson,* 968 F.2d 835, 843 (9th Cir.1992) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 1818, 123 L.Ed.2d 448 (1993).

II.

■ The Supreme Court has long emphasized the constitutional right to have a jury, rather than a judge, find the existence of each element of a charged offense beyond a reasonable doubt. *See, e.g., In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970); *Sandstrom v. Montana,* 442 U.S. 510, 520, 99 S.Ct. 2450, 2457, 61 L.Ed.2d 39 (1979). Failing to instruct the jury on all elements of an offense is constitutional error, because it precludes the jury from finding each fact necessary to convict a defendant. *Martinez v. Borg,* 937 F.2d 422, 424 (9th Cir.1991). Such error is plain and cannot be harmless. *See United States v. Gaudin,* 28 F.3d 943, 951 (9th Cir.1994) (en banc), *cert. granted in part on other grounds,* —— U.S. ——, 115 S.Ct. 713, 130 L.Ed.2d 621, and *denied in part,* —— U.S. ——, 115 S.Ct. 745, 130 L.Ed.2d 645 (1995); *United States v. Stein,* 37 F.3d 1407, 1410 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1170, 130 L.Ed.2d 1124 (1995).

In *Gaudin* and *Stein,* we held that omitting instruction on, or otherwise failing to submit to the jury, one element of an offense is reversible per se. *See also United States v. Hove,* 52 F.3d 233, 238 (9th Cir.1995). We recognized that under Supreme Court authority, we could not apply harmless error analysis, because it focuses on the basis upon which the jury *actually* rendered its verdict. *Gaudin,* 28 F.3d at 951 (citing *Yates v. Evatt,* 500 U.S. 391, 403–05, 111 S.Ct. 1884, 1892–94, 114 L.Ed.2d 432 (1991), and *Sullivan v. Louisiana,* —— U.S. ——, ——, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993)).

> [W]e may no longer consider the strength of the evidence and determine whether it was clear that the jury would have found the element of a crime to exist, had it been properly instructed, but, instead, we must determine whether the jury was actually able to consider that evidence under the instructions given by the court.

*Id.*

We came to the same conclusion in *People Territory of Guam v. Marquez,* 963 F.2d

1311 (9th Cir.1992), where the trial court had sent a set of written instructions to the jury, but did not read those instructions aloud. We held that this error could not be analyzed under harmless error standards "because the impact of the error on the jury's performance of its duties cannot be reviewed." *Id.* at 1316. It is impossible to know whether the jury in fact read the instructions on the elements of the charged offenses. *Id.*

■ The error in this case is considerably more egregious than that in *Gaudin* and *Stein*, where only one element was omitted, as well as *Marquez*, where the jury received proper written instructions. The jury here was not given instruction (oral or written) on *any* element of the counts Harmon challenges. As the district court soundly concluded, this error requires automatic reversal. The error undoubtedly affected Harmon's constitutional right to a proper jury verdict. *See Sullivan*, — U.S. at —, 113 S.Ct. at 2080–81 (Due Process Clause and Sixth Amendment require that factfinder determine beyond a reasonable doubt the facts necessary to establish each element of offense). We find it difficult to imagine a more fundamental or structural defect than allowing the jury to deliberate on and convict Harmon of an offense, for which it had *no* definition. *See id.* at —, 113 S.Ct. at 2083 (deprivation of the "basic protection" of having a jury make the requisite finding of guilt "unquestionably qualifies" as a "structural defect" under *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). In effect, the jury was free to convict Harmon without finding that the State proved any of the requisite elements of the crime. There is no way we can determine the extent to which Harmon's convictions were actually affected by the failure to instruct, because we simply cannot tell how the jury reached its decision. "There is no object ... upon which harmless error scrutiny can operate." *Sullivan*, — U.S. at —, 113 S.Ct. at 2082.

Marshall insists that the evidence establishing Harmon's guilt on these very serious charges was overwhelming. We agree. But this does not change our result. We cannot judge the defendant guilty; that role is reserved for the jury. *Id.*.

> [N]o matter how clear evidence may be, the Sixth Amendment requires that the jury, not the judge, must find the facts necessary to decide [the] element[s] of a crime beyond a reasonable doubt.

*Gaudin*, 28 F.3d at 951. *See also United States v. Howard*, 506 F.2d 1131, 1134 (2nd Cir.1974) (failure to instruct on all elements of offense cannot be harmless even though elements not instructed on were not contested at trial).

### III.

■ We reject Marshall's argument that our result is barred by *Teague v. Lane*, 489 U.S. 288, 305–10, 109 S.Ct. 1060, 1072–75, 103 L.Ed.2d 334 (1989), which prohibits the retroactive application of a new constitutional rule on collateral review. Harmon argues that *Sullivan v. Louisiana*, — U.S. —, 113 S.Ct. 2078, announced such a new rule, which the district court improperly applied to overturn Harmon's convictions. We first note that the district court also relied on *Marquez*, which was decided before *Sullivan*. Marshall does not contend that *Marquez* announced a new rule which could not be retroactively applied.

In any event, *Sullivan* did not announce a new rule at all. *Sullivan* held that the error of giving a jury a constitutionally deficient reasonable doubt instruction cannot be harmless and requires automatic reversal. That result was dictated by years of precedent regarding a defendant's right to a jury verdict and the application of harmless error analysis. *See Sullivan*, — U.S. at — —, 113 S.Ct. at 2080–2082 (and cases cited therein).

Finally, even if *Teague* were applicable, there is an exception to the retroactivity bar which undoubtedly applies in this case. The exception is for "new procedures without which the likelihood of an accurate conviction is seriously diminished;" or which implicate "the fundamental fairness of the criminal proceeding." *Teague*, 489 U.S. at 311, 313, 109 S.Ct. at 1075–76, 1076–77. Any rule announced in *Sullivan* and its application to this case is central to an accurate determination of Harmon's guilt and implicates the fundamental fairness of his trial. It protects Harmon's basic right to a jury verdict on the

elements of the crime with which he is charged, "without which a criminal trial cannot reliably serve its function." *Sullivan,* —— U.S. at ——, 113 S.Ct. at 2083 (citation and internal quotation marks omitted); *Fulminante,* 499 U.S. at 310, 111 S.Ct. at 1265 (trial infected with structural defect "cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair") (citation and internal quotation marks omitted). *See also Adams v. Aiken,* 41 F.3d 175, 178–79 (4th Cir.1995) (under the teachings of *Sullivan,* the retroactive application of the new rule that a deficient reasonable doubt instruction violates due process is not barred by *Teague* ), *cert. denied,* —— U.S. ——, 115 S.Ct. 2281, 132 L.Ed.2d 284 (1995), *accord Nutter v. White,* 39 F.3d 1154, 1157–58 (11th Cir.1994).

### IV.

The judgment of the district court is **AFFIRMED.**