**UNITED STATES of America, Plaintiff,**

v.

**J.W. PEARSON, a/k/a David Porter, Debra D. Pool, Michael J. Brooks, and Gregory P. Scott, Defendants.**

No. 94–30035.

United States District Court, C.D. Illinois, Springfield Division.

Aug. 30, 1995.

David E. Risley, Assistant U.S. Attorney, Springfield, IL, for plaintiff.

Howard W. Feldman, Springfield, IL, for Pool.

Brian T. Otwell, Springfield, IL, for Brooks.

Robert H. Aronson, Chicago, IL, for Pearson.

David B. Mote, Springfield, IL, for Scott.

## OPINION

RICHARD MILLS, District Judge:

Gregory P. Scott moves for a new trial.

As to his perjury conviction, motion allowed.

## BACKGROUND

In June of 1995, Scott was convicted of conspiring to distribute cocaine, 21 U.S.C. §§ 841, 846, and perjury, 18 U.S.C. § 1623(a). This opinion is concerned only with his perjury conviction; the arguments raised by Scott regarding his conviction for conspiring to distribute cocaine have been addressed in a separate order.

■ To sustain a perjury conviction under § 1623(a), the Government is required to prove, among other things, that the alleged perjured statements were "material." Prior to his indictment in this matter, Scott was asked by co-conspirator J.W. Pearson to testify at his detention hearing before U.S. Magistrate Judge Charles H. Evans. The issue at Pearson's detention hearing was whether Pearson, if released on bond pending his trial, was a risk of flight or a danger to the community. Scott was essentially called to testify as to Pearson's "good" character.

Scott was asked one question regarding his knowledge of Pearson's cocaine trafficking and two questions pertaining to his knowledge of the events surrounding another co-conspirator's arrest. In our pre-trial order of June 6, 1995, we concluded that Scott's responses to these questions were material, i.e., they had "a tendency to influence, or [were] capable of influencing the decision of the decision making body to which [they were] addressed." Kungys v. United States, 485 U.S. 759, 770, 108 S.Ct. 1537, 1546, 99 L.Ed.2d 839 (1988).

As a result of our pre-trial ruling, the jury was instructed that: the statements at issue were material as a matter of law; thus, to

find Scott guilty of perjury they would have to conclude that he testified falsely under oath and he knew the testimony was false. The jury, of course, found Scott guilty of perjury.

## DISCUSSION/ANALYSIS

■ On June 19, 1995, five days after the jury rendered its verdict in this matter, the Supreme Court held that "materiality" was a question for the jury to decide, not a question of law for the court to decide. United States v. Gaudin, —— U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). Consequently, since the Court, not the jury, determined that the alleged perjured statements were material, Scott argues that he is entitled to a new trial.

The Court agrees.

At the time of trial, although the law in the Seventh Circuit was settled, i.e., materiality was a question of law for the court to decide, not the jury,[1] United States v. Watson, 623 F.2d 1198, 1201 (7th Cir.1980) ("[I]t is well settled that the determination of materiality is a question of law for the court."); United States v. Brantley, 786 F.2d 1322, 1327 (7th Cir.1986) ("[W]e persist in holding that materiality is a question of law to be decided by the judge...."), the Gaudin decision is to be applied retroactively. Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) ("We therefore hold that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review, or not yet final, with no exception...."); Harper v. Virginia Dep't of Taxation, —— U.S. ——, ——, 113 S.Ct. 2510, 2516, 125 L.Ed.2d 74 (1993). The Government concedes that Gaudin is to be applied retroactively to the instant case. However, they nevertheless insist that Scott is still not entitled to a new trial.

■ Specifically, the Government, citing Chief Justice Rehnquist's concurring opinion (joined by Justice O'Connor and Justice Breyer) in Gaudin, argues that the Court should examine this issue under a plain error

---

1. At trial, Scott did not argue otherwise.

analysis. *See Gaudin,* at ———— – ————, 115 S.Ct. at 2321–22 (Rehnquist, C.J., concurring). After analyzing the issue in this fashion, the Government claims that Scott is not entitled to a new trial.

We disagree with the Government's position. In short, the plain error doctrine is not applicable in the instant case. Why? Because there was no error at trial. As all parties have conceded, at the time of the trial, the law in the Seventh Circuit was "well settled;" materiality was a question of law for the court to decide. *Watson,* 623 F.2d at 1201. As noted by the Supreme Court, a court cannot review for plain error unless there is first an error. *Gaudin,* at ——, 115 S.Ct. at 2322 (citing, *United States v. Olano,* —— U.S. ——, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Thus, since there was no error at trial, the plain error doctrine is obviously not applicable.

Indeed, the issue before the Court is much simpler. As a result of the retroactive application of *Gaudin,* Scott is entitled to a new trial. It is that simple.

As noted above, in arguing that the plain error doctrine precludes the granting of a new trial, the Government relies on Chief Justice Rehnquist's concurring opinion in *Gaudin.* The Government, however, apparently overlooks the fact that in *Gaudin* the district court's ruling that materiality was a question of law for the court was *contrary* to the law in the Ninth Circuit. *United States v. Gaudin,* 28 F.3d 943, 952 (9th Cir.1994) ("There is no doubt in the present case that the error was 'plain.' It violated *clear circuit precedent* that had been in existence for 15 years.") (emphasis ours). Accordingly, since the defendant failed to object in *Gaudin* and the district court's ruling violated established Ninth Circuit precedent, plain error analysis was clearly applicable. Here, in contrast, our ruling that materiality was a question of law for the court to decide was *consistent* with the law in the Seventh Circuit. Thus, there was no error at trial, therefore, the plain error doctrine does not apply.

Perhaps we can make this issue even more clear. A prerequisite to the application of the plain error doctrine is a failure to object at trial. *United States v. Lakich,* 23 F.3d 1203, 1207 (7th Cir.1994). Here, the law was clear in the Seventh Circuit, *i.e.,* materiality was a question of law for the court. So how can Scott be faulted for not objecting to the materiality issue at trial? What could he have possibly objected to? Since the law was clear in this circuit prior to *Gaudin,* Scott's sole argument in support of such an objection would have been to ask the district court to overrule the "well settled" law in the Seventh Circuit. Obviously, an argument of this nature would have been a waste of everyone's time.

We would like to address one additional aspect of the Government's argument. In determining whether an error is "plain," the court must consider whether the error affected substantial rights, *i.e.,* whether the error was prejudicial. *Lakich,* 23 F.3d at 1211. The Government claims that failing to submit the materiality issue to the jury did not prejudice Scott because that issue was "clear-cut" and there is no reason to believe that the jury would have reached a different conclusion.

Such reasoning, however, is disturbing. Indeed, the Government apparently ignores the fact that the United States Constitution grants the accused the right to have a jury render the requisite finding of guilt. How "clear-cut" the materiality issue was is irrelevant! As stressed by the Supreme Court in *Sullivan v. Louisiana,* —— U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993):

The Sixth Amendment provides that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury.... In *Duncan v. Louisiana* [391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968)] (citation omitted ), we found this right to a trial by jury in serious criminal cases to be *fundamental to the American scheme of justice....* The right includes, of course, *as its most important element,* the right to have the jury, rather than the judge, reach

the requisite finding of guilty. (citations omitted). Thus, although a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he may not direct a verdict for the State, *no matter how overwhelming the evidence.* (citations omitted).

What the factfinder must determine to return a verdict of guilty is prescribed by the Due Process Clause. The prosecution bears the burden of proving *all* elements of the offense charged, (citations omitted), and must persuade the factfinder beyond a reasonable doubt of the facts necessary to establish *each* of those elements.

*Sullivan,* —— U.S. at ——, 113 S.Ct. at 2080 (emphasis ours).

As a result of *Gaudin,* Scott was deprived of his Sixth Amendment right to have the jury determine his guilt as to the materiality element of the perjury charge. The Government asks the Court to overlook this fact because the evidence was "clear-cut" and therefore no rational jury could conclude otherwise. This, we could not do under *any* circumstance. Indeed, "[t]he Sixth Amendment requires more than [ ] *speculation* about a hypothetical jury's action, ... it requires an *actual* jury finding of guilty." *Sullivan,* —— U.S. at ——, 113 S.Ct. at 2082 (emphasis ours).

The Government is essentially asking the Court to direct a verdict in their favor as to the materiality element of the perjury charge. This would be a result indisputably forbidden by the Constitution. *Sullivan,* —— U.S. at ——, 113 S.Ct. at 2082; *Cole v. Young,* 817 F.2d 412, 425 (7th Cir.1987) ("Worse yet, the instructions had the effect of directing a verdict for the prosecution on an element of the offense, a result the Constitution absolutely condemns."); *United States v. Kerley,* 838 F.2d 932, 939 (7th Cir. 1988) ("We are worlds away from the paradigmatic case of plain error per se: the case where the judge directs a verdict of guilty."); *Harmon v. Marshall,* 57 F.3d 763, 765 (9th Cir.1995) (The Court stated that the evidence against the defendant was "overwhelming," nevertheless, the Court ruled that it "cannot judge the defendant guilty; that role is reserved for the jury.").

## CONCLUSION

In sum, this case involves a fundamental structural error where the jury was not permitted to render a verdict as to the existence of an element of the crime charged. Materiality is an element of the perjury charge and, as a result of the retroactive application of *Gaudin,* this element is for the jury—not the Court—to decide.

Scott is entitled to a new trial. It's that simple.

*Ergo,* Scott's motion for a new trial as to his perjury conviction is ALLOWED.