60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael E. GAUDIN; Sherri M. Williams; Hallmark
Properties, Inc., Plaintiffs-Appellants,
v.
WESTERN MORTGAGE LOAN CORPORATION, Defendant-Appellee.
 No. 92-35535.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Oct. 31, 1994.
Resubmitted June 19, 1995.
Decided July 7, 1995.
 
 Appeal from the United States District Court, for the District of Montana, D.C. No. CV-87-209-PGH; Paul G. Hatfield, District Judge, Presiding.
 D.Mont.
 REVERSED.
 Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael E. Gaudin and Sherri M. Williams, husband and wife, ("the Gaudins") challenge the district court's grant of partial summary judgment in favor Western Mortgage Loan Corporation. ("Western").[1] The Gaudins contend that the district court (1) improperly certified the grant of partial summary judgment as a final judgment pursuant to Federal Rule of Civil Procedure 54(b); and (2) erred in holding that Gaudin's criminal conviction collaterally estopped the Gaudins from pursuing their claims against Western. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1332. Final judgment was entered by the district court pursuant to Federal Rule of Civil Procedure 54(b).
 
 
 3
 We deferred submission of this case pending the Supreme Court's decision in United States v. Gaudin, No. 94-514, an appeal from an en banc decision of this court. On June 19, 1995, the Supreme Court affirmed our en banc decision and reversed and remanded Gaudin's criminal conviction of making false statements in violation of 28 U.S.C. Sec. 1001. United States v. Gaudin, No. 94-514, 1995 WL 360212 (U.S. June 19, 1995). Because the district court's grant of summary judgment in this matter was premised on the preclusive effect of Gaudin's criminal conviction, we reverse the grant of summary judgment and remand to the district court.
 
 
 4
 * The Gaudins filed this diversity action in October 1987, seeking damages for breach of contract, breach of the covenant of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, tortious interference with business relations, promissory estoppel and constructive fraud. Western filed a counterclaim seeking damages for fraud and foreclosure of the trust indentures securing the loans issued by Western. Western also filed a third party complaint, adding as third party defendants the individuals who purchased real property from Gaudin.
 
 
 5
 In 1990, while this civil case was pending, Gaudin was convicted of 43 felony criminal offenses (one count of equity skimming in violation of 12 U.S.C. Sec. 1709-2 and 42 counts of making false statements pursuant to 18 U.S.C. Sec. 1001). The section 1001 counts were based on false statements allegedly made on applications for federally-insured loans through the 203-B Program. The section 1709-2 count was based on Gaudin's failure to pay the 203-B Program mortgages while retaining the rents on the secured properties.
 
 
 6
 In May 1991, Western moved for summary judgment on all the Gaudins' claims. The district court granted summary judgment in favor of Western on the ground that Gaudin's criminal conviction precluded the Gaudins from relitigating the issue of the legality of the strawbuyer scheme. The district court held that the illegality of Gaudin's conduct was fatal to each of the claims for relief asserted by the Gaudins. The district court also granted Western's motion for summary judgment for foreclosure. The district court certified the judgment as final, pursuant to Federal Rule of Civil Procedure 54(b). On appeal, the Gaudins challenge only the grant of partial summary judgment dismissing their claims.
 
 
 7
 On June 19, 1995, the Supreme Court reversed Gaudin's criminal conviction of the section 1001 counts on the ground that the district court erred in holding that the false statements were material as a matter of law. Gaudin, No. 94-514, 1995 WL 360212. The Court held that the materiality of the false statement is an element of the offense which needs to be decided by the jury. Id. Gaudin's conviction of equity skimming in violation of 12 U.S.C. Sec. 1709-2 was left intact.
 
 II
 
 8
 We review the certification of an appeal under Rule 54(b) for abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797 (9th Cir.1991). We review de novo the grant of summary judgment and determinations on the availability of issue preclusion. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1286 (9th Cir.1992).
 
 III
 
 9
 The Gaudins contend that we lack jurisdiction over this appeal because the district court abused its discretion in certifying the partial summary judgment as final. Federal Rule of Civil Procedure 54(b) provides "[w]hen more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
 
 
 10
 The purpose of Rule 54(b) certification is to aid the "expeditious decision" of a case without encouraging piecemeal appeals. See Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir.1993). In Alcan Aluminum Corp. v. Carlsberg Fin. Corp., 689 F.2d 815, 817 (9th Cir.1982), we held that "findings on [whether the adjudicated and unadjudicated claims are severable and whether the circumstances are sufficiently compelling to justify entry of a separate judgment] would have been helpful, but without them we can readily decide that the Rule 54(b) order is valid." See also Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991) (holding that the district court need not make findings to support assertion that no just reason for delay exists); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 732 n. 1 (9th Cir.1987) (lack of specific findings is not jurisdictional error).
 
 
 11
 The district court certified its dismissal of the Gaudins' complaint as final, finding that "there exists no just reason for delay in entry of judgment on all claims advanced by the principal complaint." The order and judgment of the district court dismiss all of the Gaudins' claims against Western and are independent of, and severable from, Western's counterclaims for foreclosure and deficiency judgment. Moreover, the district court's grant of summary judgment for Western on its counterclaim for foreclosure has not been appealed. Thus, at the time the district court certified this judgment the only remaining issue in the district court was the determination of the Gaudins' deficiency liability, if any. The district court acted well within its discretion in certifying the grant of partial summary judgment, and we affirm this decision.
 
 IV
 
 12
 The Gaudins next challenge the district court's finding that they were precluded from litigating their claims against Western because of Gaudin's criminal conviction. Issue preclusion prevents the relitigation of " 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988). The district court held that Western was entitled to summary judgment because Gaudin's conduct was conclusively proven to be illegal by his criminal conviction. However, "[a] reversed or dismissed judgment cannot serve as the basis for a disposition on the ground of res judicata or collateral estoppel." Ornellas v. Oakley, 618 F.2d 1351, 1356 (9th Cir.1980). Due to the Supreme Court's decision in United States v. Gaudin, the conviction on the false statement counts has lost all preclusive effect.
 
 
 13
 The only standing criminal conviction, the equity skimming count, is based on conduct which occurred after Western terminated Gaudin's financing. Therefore, only Gaudin's now-reversed, criminal conviction of false statements served as the basis for application of collateral estoppel. A grant of summary judgment on this basis is no longer permissible.
 
 V
 
 14
 Western argues that it is entitled to summary judgment even without Gaudin's criminal conviction. Western contends that the district court determined that Gaudin's transactions were illegal "as a matter of law" independent of his criminal conviction. We may affirm the grant of summary judgment on any ground supported by the record. United States v. Hemmen, 51 F.3d 883, 891 (9th Cir.1995).
 
 
 15
 Western argues that the record contains undisputed facts which clearly demonstrate that the Gaudins made false statements which rendered the entire scheme illegal in violation of 18 U.S.C. Sec. 1001. In opposition, Gaudin denies that these statements were "false" and denies that they rendered the scheme illegal. As the focus in the district court was on the preclusive effect of the criminal conviction, the record is unclear on these issues. Because the district judge did not rule on the illegality of Gaudin's scheme independent of his criminal conviction and facts are in dispute without the conviction, we remand to the district court.
 
 VI
 
 16
 The district court did not abuse its discretion in certifying its grant of partial summary judgment as a final judgment pursuant to Fed.R.Civ.P. 54(b). At the time the district court entered the grant of summary judgment, Gaudin's criminal judgment was a "final judgment" for purposes of federal issue preclusion law. However, when Gaudin's criminal conviction on the false statement counts was reversed by the Supreme Court, the conviction lost all preclusive effect. Without the preclusive effect of Gaudin's criminal conviction, the illegality of Gaudin's real estate transactions is in dispute. We reverse the grant of partial summary judgment in favor of Western and remand to the district court for further proceedings.
 
 
 17
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Westland Mortgage Service Corporation initially issued loans to Gaudin's investors through its employee, Roger Linhart. In late 1985, Westland was purchased by Western Loan Corporation and Roger Linhart became branch manager. For purposes of this disposition, Western refers to both Western and Westland Mortgage