### UNITED STATES of America

v.

### David Wayne HOLLAND.

### Criminal Action No. 1:90-CR-98-ODE.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 1, 1996.

Robert P. Marcovitch, U.S. Attorney, Atlanta, GA, for plaintiff.

David Wayne Holland, FPC–Camp, Atlanta, GA, pro se.

## *ORDER*

ORINDA D. EVANS, District Judge.

This *pro se* prisoner's habeas petition is presently before the court on Defendant David Wayne Holland's motion to vacate sentence pursuant to 28 U.S.C. § 2255, motion for release pending outcome of his habeas petition, and renewed motion for bond pending resolution of his habeas petition. The government has filed responses to the habeas petition and to Defendant's first motion for release pending the outcome of the habeas petition.

On March 13, 1992, a jury convicted Defendant of three counts of perjury in violation of 18 U.S.C. § 1621. Following the jury verdict, this court sentenced Holland to probation for two years. Defendant appealed the guilty verdict to the United States Court of Appeals for the Eleventh Circuit; the government appealed the sentence imposed by this court. On May 24, 1994, the Eleventh Circuit affirmed the verdict but vacated the sentence, remanding to this court for resentencing. On October 27, 1994, this court resentenced Holland to twenty-seven months of imprisonment followed by three years of supervised release. Defendant began serving his sentence on January 24, 1995.

Defendant has initiated two courses of action. On direct appeal to the Eleventh Circuit, Defendant is appealing the new sentence he received after his first sentence was vacated. Defendant also is asking this court to vacate his resentencing pursuant to 28 U.S.C. § 2255 on the ground that his convictions are invalid.

As grounds for a writ of habeas corpus, Defendant argues that this court improperly instructed the jury that the false statements which were the basis for Defendant's perjury convictions were material, when the court should properly have sent the question of materiality to the jury for resolution. Citing *United States v. Gaudin,* —— U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), Defendant contends that the rule applied by the United States Court of Appeals for the Eleventh Circuit for many years—that questions of materiality in perjury cases are properly answered by the court rather than the jury—has been recently rejected denounced by the United States Supreme Court.

Significantly, the government "concedes that the holding of *Gaudin* applies in § 1621 perjury prosecutions." (Govt.'s Resp. to Def.'s § 2255 Mot. at 1). However, while recognizing that the materiality element of a perjury offense is a mixed question of fact and law which must be submitted to a jury, the government nevertheless contends that Defendant should be barred from raising his collateral attack under § 2255. The government argues that Defendant should be barred because of (1) failure to raise the *Gaudin* issue on direct appeal,[1] and (2) failure to establish cause and prejudice. Finally, the government contends that *Gaudin* is not properly applied in Defendant's case because the new Supreme Court rule was announced subsequent to Defendant's convictions becoming final.

In 1990, The defendant in *Gaudin* was convicted in the United States District Court for the District of Montana of making false statements. *Gaudin v. Western Mortgage Loan Corp.,* 60 F.3d 833, 1995 WL 398894 at *1 (9th Cir.1995). On June 21, 1994, Gaudin's false statement convictions were reversed by the Court of Appeals for the Ninth Circuit. On July 19, 1995, the Supreme Court affirmed the Ninth Circuit's judgment, reversing Gaudin's criminal convictions on the ground that the district court erred in

---

1. The government notes that it is unable to comment on whether Defendant raised the issue at trial, because the trial transcript is currently undergoing judicial screening at the Eleventh Circuit pursuant to Defendant's ongoing appeal.

holding that the false statements were material as a matter of law. *United States v. Gaudin,* — U.S. —, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). The Supreme Court held that materiality of a false statement is an essential element of a false statement crime; thus, under the Fifth and Sixth Amendments, determination by the jury rather than the court is required. *Id.* at —, 115 S.Ct. at 2310, 132 L.Ed.2d at 455.

This court followed established Eleventh Circuit precedent in finding at trial in 1992 that Defendant Holland's alleged false statements were material. *See United States v. Lopez,* 728 F.2d 1359, 1362 n. 4 (11th Cir. 1984); *Harrell v. United States,* 220 F.2d 516 (5th Cir.1955). At the time of Defendant's trial, Michael Gaudin's appeal was pending in the Ninth Circuit. In 1994, when the Ninth Circuit *en banc* determined that materiality must properly be submitted to the jury, it adopted a singular view repudiated by ten other federal circuits. *United States v. Gaudin,* 28 F.3d 943, 955 (9th Cir.1994) (Kozinski, J., dissenting) (Kozinski and four other dissenting judges noted disagreement with every other circuit except the Court of Appeals for the Federal Circuit, which apparently had not addressed the issue.). Consequently, at the time of Defendant Holland's trial, previous to the 1994 *en banc* ruling of the Ninth Circuit and the 1995 pronouncement by the United States Supreme Court in *Gaudin,* raising the issue of whether this court's jury instruction on materiality was proper appeared futile to Defendant Holland.[2]

The question of whether the *Gaudin* rule may applies to the instant case is logically a threshold question, because a negative determination would moot any additional review of Defendant's case. It is well-settled law that the rule articulated in *Gaudin* is to be applied retroactively to all cases in which conviction was not final prior to the Supreme Court's ruling. *See Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) ("We therefore hold that a new rule for the conduct of criminal prosecutions

is to be applied retroactively to all cases, state or federal, pending on direct review, or not yet final, with no exception...."). However, because Defendant's conviction was finalized prior to the Supreme Court enunciation of the new *Gaudin* rule, retroactive application in the instant case is not mandated by *Griffith.*

The Supreme Court has pronounced that new rules should always be applied on direct review, but generally should not be applied in collateral attacks. *Teague v. Lane,* 489 U.S. 288, 304–11, 109 S.Ct. 1060, 1071–76, 103 L.Ed.2d 334 (1989) (plurality opinion). "Given the 'broad scope of constitutional issues cognizable on habeas,' ... it is 'sounder, in adjudicating habeas petitions, generally to apply the law at the time a conviction became final than it is to seek to dispose of [habeas] cases on the basis of intervening changes in constitutional interpretation.'" The Eleventh Circuit has recently outlined the analysis appropriate in determining whether a new constitutional rule shall apply in a habeas case:

> With two narrow exceptions, new rules of constitutional law do not apply retroactively to cases on collateral review. *Penry v. Lynaugh,* 492 U.S. 302, 314, 109 S.Ct. 2934, 2944, 106 L.Ed.2d 256 (1989); *Teague v. Lane,* 489 U.S. 288, 301, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334 (1989) (plurality opinion). Determining whether a rule is "new" entails a three-step process. *Caspari v. Bohlen,* 510 U.S. 383, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994). First, the court determines when the petitioner's conviction and sentence became final. Second, the court determines whether the rule the petitioner relies upon was dictated by precedent existing at the time the conviction became final. Finally, if the court concludes the rule is new, the court considers whether the rule falls within either exception to *Teague's* bar. *Id.*

*Glock v. Singletary,* 65 F.3d 878, 883 (11th Cir.1995).

Defendant's conviction became final prior to the Supreme Court's ruling in *Gaudin.*

2. The court additionally notes that Holland correctly perceived futility, as this court in 1992 was bound by existing Eleventh Circuit precedent.

Gaudin's ongoing appeal in the Ninth Circuit could not influence proceedings in this district.

Defendant's conviction became final on January 17, 1995, when the Supreme Court denied certiorari in the appeal of Defendant's conviction; *Gaudin* was decided by the Supreme Court on June 19, 1995.

The Eleventh Circuit has directed that "[s]tep two of *Teague* analysis requires a court to 'survey the legal landscape' as of the date of finality to determine if the rule that forms the basis of the petitioner's claim is 'new.'" *Glock* at 884. "[A] case creates a new rule if on the date of finality the case's outcome was 'susceptible to debate among reasonable minds,' or if the case represented a development 'over which reasonable jurists may disagree.'" *Glock* at 884 (quoting *Butler v. McKellar*, 494 U.S. 407, 414, 110 S.Ct. 1212, 1217, 108 L.Ed.2d 347 (1990); *Sawyer v. Smith*, 497 U.S. 227, 234, 110 S.Ct. 2822, 2827, 111 L.Ed.2d 193 (1990)). Put another way, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague* at 301, 109 S.Ct. at 1070 (emphasis in original) (citations omitted). In the instant case, Defendant relies on a new rule, one which is contrary to the case law of every federal circuit which had addressed the question before June 1995. Although the Supreme Court in June 1995 renounced the rule previously applied by these circuit courts, the Supreme Court did so not by pointing to a singular, pertinent rule of law it had previously enunciated. Rather, the Supreme Court acknowledged its 1929 dictum in *Sinclair v. United States*, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1929), that "pertinency 'is not essentially different from … materiality of false testimony' which 'when an element in the crime of perjury, is one for the court,'" *Gaudin*, —— U.S. at ——, 115 S.Ct. at 2318, 132 L.Ed.2d at 456 (quoting *Sinclair* at 298, 49 S.Ct. at 273), then the Court explained that its dictum in *Sinclair* had rested on several incorrect premises which the Court later repudiated. *Gaudin*, —— U.S. at —— – ——, 115 S.Ct. at 2318–19, 132 L.Ed.2d at 456–57.

Next, the court must determine whether this rule falls within either exception to *Teague*'s bar on retroactive application:

The first of these applies to new rules that place an entire category of primary conduct beyond the reach of the criminal law, or new rules that prohibit imposition of a certain type of punishment for a class of defendants because of their status or offense…. The second exception applies to new "watershed rules of criminal procedure" that are necessary to the fundamental fairness of the criminal proceeding….

*Sawyer v. Smith*, 497 U.S. 227, 241–42, 110 S.Ct. 2822, 2831, 111 L.Ed.2d 193 (1990) (citations omitted).

The first *Teague* exception clearly does not apply in the instant case, but Defendant does claim the second exception, which encompasses "watershed rules of criminal procedure." The Supreme Court has formulated a two-pronged test to determine if the second *Teague* exception applies: the second exception should be read to include new rules (1) "aimed at improving the accuracy of trial" and which also (2) "'alter our understanding of the bedrock procedural elements' essential to the fairness of a proceeding." *Sawyer* at 242, 110 S.Ct. at 2831 (quoting *Teague* at 311, 109 S.Ct. at 1076)). The Supreme Court has additionally cautioned that the second exception should apply only with respect to a small number of ground-breaking rules. *See Graham v. Collins*, 506 U.S. 461, 477–78, 113 S.Ct. 892, 903, 122 L.Ed.2d 260 (1993); *Teague* at 313, 109 S.Ct. at 1076–77.

In the instant case, the government contends that a judge's determination of materiality is no less *accurate* than a jury's determination. (Pl.'s Resp. to Def.'s § 2255 Mot. at 22). Thus, argues the government, the *Gaudin* rule is not aimed at improving the accuracy of trial. *Id.* Furthermore, the government contends that the issue of materiality was "beyond serious contest" in the instant case. The court need not reach the issue of whether materiality was "beyond serious contest." Application of the *Gaudin* rule, while implicating constitutional concerns, does not improve the *accuracy* of trial. Decision-making authority was transferred, via the Supreme Court decision in *Gaudin*, from judge to jury. While this new procedural requirement affects all criminal defendants whose trials were pending or whose convictions were on direct appeal in June 1995, it is not retroactively applicable to Defendant Holland or those similarly situated.

The harm to be corrected by *Gaudin* was not the inaccuracy of the decision; rather, the problem to be corrected was that the wrong entity was making the decision. Recognizing that a court considering a habeas petition must be mindful of society's interests in the finality of convictions and in the conservation of scarce judicial resources, *see Sawyer* at 242, 110 S.Ct. at 2831, this court determines that the *Gaudin* rule does not apply in the instant case.

Because the court has determined that the *Gaudin* rule does not apply in Defendant's case,[3] the court need not reach the question of whether Defendant is procedurally barred from bringing his claims.

Accordingly, Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 [# 166–1], motion for release pending outcome of his habeas petition [# 175–1], and renewed motion for bond pending resolution of his habeas petition [# 188–1] are DENIED.

SO ORDERED.

3. The court notes that the Eleventh Circuit recently refused to reverse a conviction in a direct appeal, even noting that *Gaudin* clearly had retroactive application pursuant to *Griffith* (unlike the instant case). *United States v. Kramer*, 73 F.3d 1067 (1996). The Eleventh Circuit applied the standard of plain error in *Kramer*. The import of this recent Eleventh Circuit decision is that, even if *Gaudin* applied retroactively in the instant case, structural error would not be indicated, contrary to Defendant Holland's assertions.