United States Court of Appeals,

Eleventh Circuit.

No. 95-9556.

UNITED STATES of America, Plaintiff-Appellee,

v.

Patrick L. SWINDALL, Defendant-Appellant.

March 14, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:88-CR-477), G. Ernest Tidwell, Chief Judge.

Before BLACK, Circuit Judge, RONEY and HILL, Senior Circuit Judges.

PER CURIAM:

Appellant Patrick L. Swindall appeals the district court's denial of his *pro se* petition collaterally challenging his convictions on six counts of perjury. We affirm.

## I. BACKGROUND

A more comprehensive statement of the facts is set forth in this Court's opinion in *United States v. Swindall,* 971 F.2d 1531, 1534-39 (11th Cir.1992). Over seven years ago in June 1989, a jury convicted Appellant on nine counts of making false material declarations before a grand jury, in violation of 18 U.S.C. § 1623. The indictment charged that Appellant had discussed money-laundering transactions with an undercover agent and an intermediary and then falsely testified to a grand jury to conceal the extent of his involvement in these discussions. He was sentenced to concurrent terms of twelve months' imprisonment on each count and fined $30,000. Appellant appealed his conviction and subsequently filed two motions in the district court asserting

that the prosecution's suppression of favorable evidence entitled him to either dismissal of the indictment or a new trial.[1]  On August 31, 1992, we affirmed his convictions on six of nine counts, but reversed convictions on three counts on Speech or Debate Clause grounds.  *United States v. Swindall,* 971 F.2d 1531 (11th Cir.1992). In the same appeal, we also affirmed the district court's denial of Appellant's motions for dismissal or new trial.  The Supreme Court denied certiorari on January 10, 1994.  *Swindall v. United States,* 510 U.S. 1040, 114 S.Ct. 683, 126 L.Ed.2d 650 (1994).

On January 13, 1994, Appellant filed a motion under 28 U.S.C. § 2255, asserting, as he had done previously, that the prosecution's suppression of favorable evidence entitled him to either dismissal of the remaining six counts of conviction or a new trial.[2]  The district court denied the motion, and we affirmed. *United States v. Swindall,* 38 F.3d 574 (11th Cir.1994).  Appellant completed service of his sentence in early 1995.

On September 6, 1995, Appellant filed a petition pursuant to 28 U.S.C. § 1651(a) seeking a writ of *error coram nobis,* arguing that his convictions should be vacated because of the Supreme Court's decision in *United States v. Gaudin,* --- U.S. ----, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). The  *Gaudin* decision invalidated the longstanding rule that the issue of materiality in false statement prosecutions is a question of law for the court, holding that it is a violation of the Fifth and Sixth Amendments

---

[1]These motions were filed pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

[2]Appellant was represented by counsel in his § 2255 motion.

not to submit that question to the jury. *Id.* at ----, 115 S.Ct. at 2314. Appellant's trial concluded well before the *Gaudin* opinion was issued on June 19, 1995. At trial, the judge followed the rule then in effect in the Eleventh Circuit and decided the issue of materiality without submitting that question to the jury. Appellant did not object to the court's determination of materiality either at trial or on direct appeal.[3] The district court denied Appellant's § 1651(a) petition for a writ of *error coram nobis,* holding that his claim was barred by *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), as well as procedurally defaulted because of his failure to object at trial or raise the issue on appeal. The instant appeal followed.

## II. STANDARD OF REVIEW

A *Teague* issue is purely one of law, and this Court reviews the district court's decision of it *de novo. Spaziano v. Singletary,* 36 F.3d 1028, 1041 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 911, 130 L.Ed.2d 793 (1995). The district court's application of the cause and prejudice standard to procedural default issues is reviewed *de novo. Macklin v. Singletary,* 24 F.3d 1307, 1312-13 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995). The standard of review applicable to abuse of the writ issues is *de novo* as well. *Id.* at 1313.

## III. DISCUSSION

A. *Writ of Error Coram Nobis*

---

[3]Nor did the Appellant raise the issue in his § 2255 motion.

Federal courts have authority to issue a writ of *error coram nobis* under the All Writs Act, now codified as 28 U.S.C. § 1651(a). The writ of *error coram nobis* is a limited remedy of last resort: "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *United States v. Morgan,* 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954); *see Lowery v. United States,* 956 F.2d 227, 228-29 (11th Cir.1992); *Moody v. United States,* 874 F.2d 1575, 1576-77 (11th Cir.1989), *cert. denied,* 493 U.S. 1081, 110 S.Ct. 1137, 107 L.Ed.2d 1042 (1990); *Rener v. United States,* 475 F.2d 125, 127 (5th Cir.1973) (writ should be allowed only to "remedy manifest injustice").

In this case, Appellant attempts to do what the Supreme Court in *Morgan* instructed should be allowed in only the most compelling circumstances. Appellant seeks to continue litigating the legality of his conviction after his conviction has become final and he has exhausted his statutory right of review under 28 U.S.C. § 2255. The Supreme Court addressed the same concerns in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), where it held that a case decided after a petitioner's conviction and sentence became final generally may not be the basis for vacating that conviction. *See also Stringer v. Black,* 503 U.S. 222, 227, 112 S.Ct. 1130, 1135, 117 L.Ed.2d 367 (1992); *Spaziano,* 36 F.3d at 1042. The Supreme Court explained that the application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which

is essential to the operation of our legal justice system. *Teague,* 489 U.S. at 309, 109 S.Ct. at 1074. In *Teague,* the Supreme Court accommodated the competing demands of respecting good faith interpretations of existing law and assuring that individuals are not punished in a manner inconsistent with the Constitution by creating two narrow situations where new rules will be applied retroactively. *Id.* at 305-10; 109 S.Ct. at 1073-75. Consistent with these principles, we hold that if *Teague* bars a petitioner's claim relying on a case decided after his conviction and sentence became final, then he has not suffered such compelling injustice that would deserve relief pursuant to a writ of *error coram nobis.* In other words, if Appellant's claim is *Teague*-barred, then it is clearly outside the extremely limited scope of a writ of *error coram nobis.*

B. *Teague*

The Supreme Court has directed federal courts to use three steps in determining whether a claim is *Teague*-barred:

1.  Whether the *Teague* rule is applicable, *i.e.,* whether petitioner's conviction became final before the case upon which he relies was announced.[4]

---

[4]While the Supreme Court has applied the *Teague* rule only in collateral challenges to state convictions, *Teague* applies equally in collateral challenges to federal convictions. *Elortegui v. United States,* 743 F.Supp. 828, 831 (S.D.Fla.1990), *aff'd mem.,* 943 F.2d 1317 (11th Cir.1991), *cert. denied,* 502 U.S. 1116, 112 S.Ct. 1229, 117 L.Ed.2d 464 (1992). Two circuits have explicitly held that *Teague* applies in challenges to federal convictions. *Van Daalwyk v. United States,* 21 F.3d 179, 181-83 (7th Cir.1994); *Gilberti v. United States,* 917 F.2d 92, 94-95 (2d Cir.1990). Four circuits have applied *Teague* in challenges to federal convictions without discussion. *Taylor v. United States,* 985 F.2d 844, 847 (6th Cir.1993); *United States v. Pavlico,* 961 F.2d 440, 443 (4th Cir.), *cert. denied,* 506 U.S. 848, 113 S.Ct. 144, 121 L.Ed.2d 96 (1992); *United States v. Judge,* 944 F.2d 523, 525 (9th Cir.1991), *cert. denied,* 506 U.S.

2. Whether the case upon which the petitioner relies announced a "new rule."[5]

3. Whether either of two exceptions to the non-retroactivity of a new rule is applicable.

*Caspari v. Bohlen,* 510 U.S. 383, 389-90, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994); *Spaziano,* 36 F.3d at 1042.

1. *Whether Appellant's Conviction Was Final Before Gaudin Was Issued*

Appellant's conviction became final when the Supreme Court denied certiorari on January 10, 1994, more than a year before *Gaudin* was announced. The *Teague* rule is therefore applicable.

2. *Whether Gaudin Announced a "New Rule"*

A new rule is one that "breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague,* 489 U.S. at 301, 109 S.Ct. at 1070. "To put it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.*

Prior to *Gaudin,* it was well established in the Eleventh Circuit that materiality is a question of law. *United States v. Kramer,* 73 F.3d 1067, 1074 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 516, 136 L.Ed.2d 405 (1996). In fact, every circuit except the Federal Circuit had held that judges should decide the materiality of false statements made to a grand jury under 18

_____

833, 113 S.Ct. 101, 121 L.Ed.2d 60 (1992); *United States v. Ayala,* 894 F.2d 425, 429 n. 8 (D.C.Cir.1990).

[5]"If however, the decision did not announce a new rule, it is necessary to inquire whether granting the relief sought would create a new rule because the prior decision is applied in a novel setting, thereby extending the precedent." *Stringer,* 503 U.S. at 228, 112 S.Ct. at 1135. We need not address this issue because we hold that *Gaudin* announced a new rule.

U.S.C. § 1623. *United States v. Gaudin,* 28 F.3d 943, 957-58 (9th Cir.1994) (en banc) (Kozinski, J., dissenting) (collecting cases), *aff'd,* --- U.S. ----, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). Federal courts had relied on *Sinclair v. United States,* 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1929), for the proposition that materiality is a question of law for the judge. *See id.* at 298, 49 S.Ct. at 273 (holding that the question of pertinency was "rightly decided by the court as one of law"). The result in *Gaudin* required the Supreme Court to repudiate its previous position in *Sinclair. Gaudin,* --- U.S. at ----, 115 S.Ct. at 2318-19. At the time of Appellant's trial, the result in *Gaudin* was not dictated by precedent because the district court's decision to consider the issue of materiality a legal issue for the court to decide was clearly a "reasonable, good-faith interpretation[ ] of existing precedents." *Butler v. McKellar,* 494 U.S. 407, 413, 110 S.Ct. 1212, 1217, 108 L.Ed.2d 347 (1990). The Supreme Court's rejection of settled law broke new ground, and therefore, *Gaudin* announced a new rule within the meaning of *Teague.*

3. *Whether Either Of Two Exceptions To The Teague Rule Is Applicable*

The first exception to the *Teague* rule is limited to rules that place a class of private conduct beyond the power of the government to proscribe, *Teague,* 489 U.S. at 311, 109 S.Ct. at 1075, or remove a class of defendants from a certain type of punishment, *Sawyer v. Smith,* 497 U.S. 227, 241, 110 S.Ct. 2822, 2831, 111 L.Ed.2d 193 (1990), and it does not apply. The second exception involves new "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal

proceedings." *Caspari,* 510 U.S. at 396, 114 S.Ct. at 956 (internal quotation marks omitted). In order for a rule to fall within the second exception, it "must not only improve accuracy [of trial], but also alter our understanding of the *bedrock procedural elements* essential to the fairness of a proceeding." *Sawyer,* 497 U.S. at 242, 110 S.Ct. at 2831 (internal quotation marks omitted). The second exception is extremely narrow:

> The Supreme Court has underscored the narrowness of this second exception by using as a prototype the rule of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and by noting that "we believe it unlikely that many such components of basic due process have yet to emerge." The Court has further underscored the narrowness of the second *Teague* exception by its actions. Beginning with *Teague,* the Court has examined at least seven new rules of law against the second exception and found that none of them fit[s] within its narrow confines.

*Spaziano,* 36 F.3d at 1043 (citations omitted).

Appellant's position is that our decision in *Nutter v. White,* 39 F.3d 1154 (11th Cir.1994), requires us to hold that *Gaudin*'s new rule falls within *Teague* 's second exception. In *Nutter,* we held that the rule of *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (per curiam), that certain incorrect jury instructions on the "beyond a reasonable doubt" standard allow the jury to convict the defendant on a lower burden of proof in violation of due process, fell within the second exception. *Nutter,* 39 F.3d at 1157-58. We noted that the *Cage* rule implicated the accuracy of a conviction because the "beyond a reasonable doubt" standard guards against conviction of the innocent. *Nutter,* 39 F.3d at 1157. When a jury convicts under an incorrect reasonable doubt instruction, it may mistakenly convict an innocent defendant. By contrast, "[t]he harm to be corrected by *Gaudin* was

not the inaccuracy of the decision; rather, the problem to be corrected was that the wrong entity was making the decision." *United States v. Holland,* 919 F.Supp. 431, 435 (N.D.Ga.1996).[6] The Supreme Court never suggested in *Gaudin* that judges' rulings on materiality during the years in which the *Sinclair* rule prevailed were incorrect. Moreover, Appellant does not assert that the judge used a less exacting standard than "beyond a reasonable doubt" in its determination that the false statements were material, which would implicate the accuracy of the materiality finding. *See Gaudin,* --- U.S. at ---- n. 1, 115 S.Ct. at 2313 n. 1 (noting that some courts which regard materiality as a legal question for the judge do not require beyond a reasonable doubt burden of proof). The fact that the *Gaudin* rule does not improve the accuracy of the trial is sufficient to render *Teague* 's second exception inapplicable. The *Gaudin* rule, which reallocates factfinding from judge to jury on the single issue of materiality, is not a watershed rule of criminal procedure that alters our understanding of the bedrock procedural elements essential to the fairness of a proceeding. Under the *Teague* analysis, *Gaudin*'s new rule will not be applied retroactively to support Appellant's claim. Consequently, Appellant has not suffered such injustice that would require relief under a writ of *error coram nobis.*

C. *Procedural Default*

The district court found Appellant's claim to be both

---

[6]In *Holland,* the district court reached the same conclusion as we do in this case that on collateral review, *Gaudin*'s new rule does not apply retroactively to a defendant whose perjury conviction became final before *Gaudin* was announced. *Holland,* 919 F.Supp. at 433-35.

*Teague*-barred and procedurally defaulted for his failure to object to the court's determination of materiality either at trial or on direct appeal. We need not decide whether the district court was correct in its determination that Appellant's claim is procedurally defaulted. If the claim were not *Teague*-barred, the initial determination would be whether it could even be brought under a writ of *error coram nobis.* If Appellant's claim could be maintained under a writ of *error coram nobis,* Appellant would be required to show cause and prejudice for his procedural default. *United States v. Frady,* 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982).[7]

## IV. CONCLUSION

Appellant has failed to demonstrate that he is entitled to relief on his petition collaterally challenging his convictions on six counts of perjury.

AFFIRMED.

---

[7]We note that Appellant may have abused the writ in not asserting his present claim in his previous § 2255 motion. The abuse of the writ defense applies to a writ of *error coram nobis* successively brought after a § 2255 motion. In this case, the Government chose not to plead abuse of the writ in the district court, and the district court did not address the issue.