[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2005
THOMAS K. KAHN
CLERK

**No. 05-10564**
**Non-Argument Calendar**
_____

D. C. Docket No. 94-14037-CR-EBD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE WILLIAMS,
a.k.a. Knot,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Southern District of Florida**

_____

**(December 12, 2005)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

**PER CURIAM:**

In United States v. Williams, 144 F.3d 1397 (11th Cir. 1998), we affirmed

appellant's conviction and sentence for conspiracy to distribute cocaine base. After the district court denied his 28 U.S.C. § 2255 motion to vacate his conviction and sentence on the basis of the Supreme Court's decision in <u>Apprendi v. New Jersey,</u> 530 U.S. 466, 120 S.Ct. 2348 (2000), appellant moved the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c), contending that the court, in fashioning his sentence, should not have classified him as a career offender, which subjected him to the 30 years' prison sentence the court imposed. Instead, the court should have sentenced him to a maximum of 20 years in prison. He also contended that Amendment 591 of the Sentencing Guidelines Manual required the court to reduce his sentence because the amendment "was intended to emphasize that the sentencing court must apply the base offense level that coincides with the offense of conviction."

The Government, responding, said that the court lacked jurisdiction to entertain the motion because appellant was simply reiterating the <u>Apprendi</u> argument he had made in support of his motion for § 2255 relief. The court agreed with the Government and denied the motion for lack of jurisdiction. Appellant now appeals its order.

Appellant contends that the district court erred by denying his motion for lack of jurisdiction because Amendment 591 to the Sentencing Guidelines applies

retroactively to reduce his offense level and sentence. He also contends that his base offense level was set after a judicial finding of drug quantity in violation of United States v. Booker, 543 U.S. \_\_\_, 125 S.Ct. 738 (2005). Finally, he raises a point not presented to the district court—that the All Writs Act, 28 U.S.C. § 1651(a), provided the district court jurisdiction to remedy what he submits is an error of constitutional magnitude.

Under § 3582(c), a district court may only modify a defendant's terms of imprisonment in limited circumstances: (1) upon motion of the Director of the Bureau of Prisons, which clearly is inapplicable here, or (2) upon motion of . . . the defendant if, and only if, the Sentencing Commission, pursuant to 28 U.S.C. § 994(o), lowers the sentencing range, and reducing the defendant's sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements. See 18 U.S.C. § 3582(c)(1)-(2).[1] Pursuant to U.S.S.G. § 1B1.10, "[w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2)." Amendment 591 is listed as an amendment covered by the policy

---

[1] We note that § 3582(c) motions are continuations of criminal proceedings and not post-conviction civil actions. See United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003).

3

statement. U.S.S.G. § 1B1.10(c).

The All Writs Act provides that the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court has stated that:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

Pennsylvania Bureau of Correction v. U.S. Marshals Service, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985).

Moreover, such a remedy is an "extraordinary" remedy, issued in the discretion of the court, and should not issue unless the person seeking the writ has no other adequate means of seeking the relief he desires. See Kerr v. U.S. District Court for the Northern District of California, 426 U.S. 394, 402-03, 96 S.Ct. 2119, 2123-24, 48 L.Ed.2d 725 (1976).

We conclude that Amendment 591 only applies to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline, and, therefore, the district court did not abuse its

4

discretion by denying appellant's motion.  See United States v. Moreno, 421 F.3d 1217, 1219-1220 (11th Cir. 2005) (holding that "Amendment 591 only applies to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline.").  We conclude further that Booker is not an amendment to the Guidelines as contemplated by the Sentencing Commission; hence, it affords appellant no relief under § 3582(c).  Id.   Finally, the All Writs Act affords him no relief because the relief he seeks is adequately covered by statute in 18 U.S.C. § 3582(c) and 28 U.S.C. § 2255.  As his claims lack merit under both 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c), he is not entitled to the "extraordinary remedy" of relief under the All Writs Act.  See United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997) (holding that a defendant was not entitled to a writ of error coram nobis under the All Writs Act where his claim was barred under the retroactivity doctrine in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) and he had not suffered "compelling injustice.").

**AFFIRMED.**