[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10221
Non-Argument Calendar
_____

D.C. Docket Nos. 1:13-cv-01780-RWS; 1:09-cr-00286-RWS-JFD-1

DWIGHT DARYL OWENS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 6, 2015)

Before ED CARNES, Chief Judge, MARCUS, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

A jury convicted Dwight Daryl Owens of two crimes:  (1) robbery in violation of 18 U.S.C. § 1951 (count 1), and (2) using a firearm during and in relation to that robbery, in violation of 18 U.S.C. § 924(c) (count 2).  The district court sentenced Owens to consecutive terms of imprisonment of 180 months on count 1 and 120 months on count 2, for a total term of 300 months.  Owens appealed his convictions, and we affirmed them.

Owens then filed a timely motion to vacate his sentence under 28 U.S.C. § 2255.  Among other things, Owens contended that his 120-month sentence on count 2 was unconstitutional in light of the Supreme Court's decision in Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013).  The district court determined that Alleyne did not apply retroactively on collateral review, denied Owens' motion, and declined to issue a certificate of appealability (COA).  We issued a COA on two issues:  (1) whether Alleyne applies retroactively, and (2) if so, whether Owens' sentence is unconstitutional.

We review de novo whether a case applies retroactively on collateral review. See United States v. Swindall, 107 F.3d 831, 833 (11th Cir. 1997).  See generally Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989).  But if we have already decided that a case does not apply retroactively on collateral review, we are bound by that decision unless the Supreme Court or this Court sitting en banc overrules it. See Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

In <u>Jeanty v. Warden, FCI-Miami</u>, 757 F.3d 1283, 1285 (11th Cir. 2014), we decided that <u>Alleyne</u> does not apply retroactively on collateral review and affirmed a district court's denial of a prisoner's petition under 28 U.S.C. § 2241 on that basis.[1]  Our decision in <u>Jeanty</u> controls this case.[2]

**AFFIRMED.**[3]

---

[1] Notably, every circuit to have considered the issue has said that <u>Alleyne</u> does not apply retroactively on collateral review.  <u>See</u> <u>Hughes v. United States</u>, 770 F.3d 814, 818–19 (9th Cir. 2014); <u>In re Mazzio</u>, 756 F.3d 487, 489–91 (6th Cir. 2014); <u>United States v. Winkelman</u>, 746 F.3d 134, 136 (3d Cir. 2014); <u>In re Kemper</u>, 735 F.3d 211, 212 (5th Cir. 2013); <u>United States v. Redd</u>, 735 F.3d 88, 91–92 (2d Cir. 2013); <u>In re Payne</u>, 733 F.3d 1027, 1029 (10th Cir. 2013); <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013).

[2] Because we conclude that <u>Alleyne</u> does not apply retroactively on collateral review, we do not consider what the result in Owens' case would be if it did.

[3] Owens' motion for leave to file a reply brief out of time is GRANTED.

3